**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**E.C., a minor, ET AL.**                                                                                    **PLAINTIFFS**

**v.**                                                                                    **CAUSE NO. 1:14CV225-LG-JCG**

**MICHAEL SARACO and AMANDA SARACO**                                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the Motion [26] for Summary Judgment filed by defendants Michael and Amanda Saraco. The plaintiffs have responded, and the defendants have replied. After due consideration of the parties' submissions, it is the Court's opinion that there is no question of material fact for the jury. Accordingly, defendants' motion will be granted and plaintiffs' claims dismissed.

PROCEDURAL HISTORY

The plaintiffs are Shane and Andrea Cooley, on behalf of their minor daughter, E.C., and individually. They are Louisiana residents. The defendants are Michael and Amanda Saraco, who are currently residents of Montana. On September 17, 2011, both parties were temporarily staying at the Sun Roamer Campgrounds, near Picayune, Mississippi. The plaintiffs allege that on that day, E.C. was attacked and bitten by the defendants' not-yet two year old standard poodle named Sky. Plaintiffs seek damages in excess of the jurisdictional minimum. The case was filed in the Circuit Court of Pearl River County, Mississippi, and removed to this Court on the basis of diversity jurisdiction. The defendants now seek summary judgment.

THE LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Id.* at 151.

ANALYSIS

The defendants argue that summary judgment is appropriate because under Mississippi law, for an owner to be liable for a dog attack, there must be "some proof that the animal has exhibited some dangerous propensity or disposition prior to the attack complained of" and "it must be shown that the owner knew or reasonably should have known of this propensity or disposition and reasonably should have foreseen that the animal was likely to attack someone." *Poy v. Grayson*, 273 So.2d 491, 494 (Miss. 1973). The Mississippi Supreme Court recently stated that the dangerous-propensity rule "is necessary to impose liability on animal owners who, without the occurrence of a prior incident involving an outside

party, would not have actual or constructive knowledge of any dangerous propensity of their otherwise tame and predictable animal." *Olier v. Bailey*, No. 2013-CA-01411-SCT, 2015 WL 1611772, at *11 (¶42) (Miss. Apr. 9, 2015). Defendants contend there is no evidence that the dog showed any dangerous propensity prior to this incident, and they could not have foreseen that the dog was likely to bite anyone.

In *Poy*, the animal in question was a six-month old puppy who bit a garbage collector through a fence. The Mississippi Supreme Court reversed the jury's verdict in favor of the garbage collector and rendered judgment in favor of the puppy owner. The court found no evidence that the puppy had exhibited a vicious or dangerous disposition, or that the puppy owner was on notice of the same, or that he could have reasonably foreseen that the puppy was likely to attack someone. *Poy*, 273 So. 2d at 494.

In a case involving two dogs, the court found sufficient evidence to hold a landlord liable for an attack by the dogs, who were owned by a resident of a trailer park. *Mongeon v. A & V Enters.*, 733 So. 2d 170 (Miss. 1997). Prior to the attack, the landlord had been notified that the dogs had growled at another person. *Id*. at 172. Growling at a person "constituted an exhibition of a dangerous or vicious propensity." *Id*.

In the recent *Olier* case, the court addressed whether a group of geese could exhibit a dangerous propensity, so that it was not necessary to identify the particular goose that had caused plaintiff's injury. *Olier*, 2015 WL 1611772, at *12

(¶46). The defendant's adult geese were locked up when the plaintiff arrived at the defendant's property (including the adult goose who had chased another person earlier), but there was a group of goslings roaming freely in the yard. After plaintiff's first attempt to leave through the yard was thwarted by the goslings' aggressive behavior, plaintiff retreated to the house. The defendant gave her a bamboo stick to keep the goslings away and left the house with the plaintiff to attempt to distract the goslings. The attempt was unsuccessful. Plaintiff was bitten by a gosling, and fell and broke her arm. The court found that the owner may have known that her goslings "were aggressive and possibly dangerous in general," and could have reasonably foreseen the injuries received by plaintiff. *Id.* at 11-12 (¶¶ 45, 46). The case was remanded for a trial on those issues. *Id.* at 12 (¶47).

The evidence in this case shows that the two families involved lived close by each other at the campground for a time in the summer and fall of 2011. The defendants were there for about three months before the September 2011 incident, and the plaintiffs arrived about six weeks prior to the incident. On September 17, the defendants had returned to their campsite with groceries. The dog, which had been inside the trailer, was brought outside and tied to a telephone pole right outside the trailer. (Michael Saraco Dep. 24-25). Michael Saraco testified that the dog had just been tied up outside the trailer when five-year-old E.C. arrived, wanting to play with his daughter and pet the dog. While E.C. was petting the dog, the dog jumped on E.C., cutting her face by her eye, and knocked her down. E.C.

screamed, the dog "freaked out," and he bit E.C. while she was on the ground. (*Id*. at 29). The defendants heard from their daughter that the dog either didn't like the attention from E.C., or E.C. had tried to touch the dog's ears, which were sensitive. The defendants exited their trailer when they heard E.C. scream. The dog stopped his attack on E.C. and laid down as the defendants approached. The dog had never reacted in that manner before, nor had he barked at, growled at, bitten or otherwise hurt anyone prior to this incident. (*Id*. at 60-61, 71).

The plaintiffs testified that they were not aware of any instances when the dog bit or was aggressive toward anyone, nor were they informed by the defendants that the dog had acted in an aggressive or threatening manner. (Shane Cooley Dep. 24, ECF No. 26-1; Andrea Cooley Dep. 10-13, ECF No. 26-2). E.C.'s father testified that at the time of the incident, he was sitting outside of his camper watching T.V. and had a clear view of the girls playing with the dog, which had just been tied up outside the defendants' trailer. (Shane Cooley Dep. 29-30, 32, ECF No. 26-1). He testified that four girls - two Cooley girls and two Saraco girls - were standing around the dog, petting him. (*Id*. at 36). He heard one of the Saraco girls tell his daughters, "Y'all go ahead and pet Sky. She [sic] won't bite." (*Id*. at 34). At that moment, he saw the dog bite E.C.'s face and "drive her to the ground." (*Id*.). E.C.'s father and Mr. Saraco reached the girls at about the same time. E.C.'s father picked up E.C. and brought her to his camper. (*Id*.). Mr. Saraco grabbed the dog and put him in his truck. (Michael Saraco Dep. 26). Mrs. Saraco drove E.C. and her parents to the hospital.

The salient facts of this case are undisputed, and they establish that the defendants' dog never showed any aggressive behavior, nor had he injured anyone before attacking E.C..  Although the evidence shows that the dog did not like having his ears handled, there is no indication that the dog had ever threatened or hurt a person handling his ears.  Just as in the *Poy* case, this case lacks any evidence that the defendants' dog had exhibited a vicious or dangerous disposition, or that the defendants were on notice of the same, or that they could have reasonably foreseen that the dog was likely to attack someone.  Without a factual dispute regarding these elements, there is no basis under Mississippi law for a jury to hold defendants liable for the dog attack.  The defendants have shown that they are entitled to summary judgment.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [26] for Summary Judgment filed by defendants Michael and Amanda Saraco is **GRANTED**.  Plaintiffs' claims are dismissed and a separate judgment shall enter.

**SO ORDERED AND ADJUDGED** this the 26th day of May, 2015.

s\ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief U.S. District Judge